UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT W. JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-cv-347-TAV-JEM |
| TENNESSEE DEPARTMENT OF HUMAN SERVICES, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1]. The Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's Application [**Doc. 1**].

Pursuant to 28 U.S.C. § 1915, a litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1).

On September 3, 2024, the undersigned entered an Order stating:

> The Pro Se Motion For Leave to Proceed In Forma Pauperis [Doc. 1] is not in the proper form. Plaintiff is **DIRECTED** to use the form Application to Proceed in Forma Pauperis (non-prisoner cases) located on our website at https://www.tned.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-cases. The Clerk is directed to mail Plaintiff a copy of the form. Also, the Application was filed on August 27, 2024, but is dated April 25, 2024. Plaintiff is **DIRECTED** to submit more timely information.
>
> The deficiency must be cured within thirty (30) days or the Application to Proceed In Forma Pauperis will be **DENIED**.

[Doc. 7]. It has been more than thirty days since the undersigned entered the Order, and Plaintiff has not complied with the Order.

Accordingly, the Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's Application [**Doc. 1**].[1] The Court further **RECOMMENDS** that Plaintiff be afforded twenty-one (21) days to pay the filing fee and be advised that the failure to do so will result in a dismissal of his case without prejudice. *See Young v. Cameron*, No. 3:20-CV-680, 2020 WL 13093863, at *2 (W.D. Ky. Oct. 13, 2020) (directing the plaintiff to pay the filing fee or file a fully completed in forma pauperis form and warning that failure to do so would result in dismissal of the action without prejudice); *Washington v. Berryhill*, No. 18-2385, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018) ("If the plaintiff fails to file a properly completed *in forma*

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

*pauperis* application or pay the filing fee within thirty days, his complaint may be dismissed without prejudice.").

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge